UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-158-GWU

DAMON MCGUIRE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Damon McGuire brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

3.  The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.  At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.  If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

09-158  Damon McGuire

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

09-158 Damon McGuire

Step four refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

09-158  Damon McGuire

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that McGuire, a 34-year-old former steel fabricator, cashier, factory laborer/assembler and bagger/stocker with a high school education, suffered from impairments related to chronic lumbar strain with facet arthropathy.  (Tr. 15, 18).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Id.).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 19-20).  The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that a significant number of jobs remained available to McGuire, the ALJ relied upon the information provided by Vocational Expert Joyce Forrest.  (Id.).  Forrest testified at the administrative hearing held during the

7

09-158  Damon McGuire

processing of an earlier application for DIB and Supplemental Security Income which became final on April 15, 2005. (Tr. 33-41). The hearing testimony was omitted from the current record.[1] The prior ALJ indicated having presented a hypothetical question including an exertional limitation to light level work restricted from a full range by such non-exertional restrictions as (1) a need for a sit/stand option every hour; (2) an inability to ever perform repetitive bending, or stooping; (3) an inability to ever climb; (4) the need to avoid exposure to vibration; and (5) a limitation to low stress, simple, repetitive, entry level work. (Tr. 39-40). In response, the witness indicated that a significant number of jobs would still be available. (Tr. 40). Therefore, assuming that the vocational factors considered by Forrest fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. As previously noted, McGuire was found capable of performing a restricted range of light level work in the administrative decision which became final on April 15, 2005. (Tr. 33-41). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997).

---

[1] The plaintiff has not raised this omission as an issue in this action.

Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  The ALJ's findings of a restricted range of light level work is in accord with these directives.

Dr. Jorge Baez-Garcia (Tr. 233-240) and Dr. Allen Dawson (Tr. 305-313), the non-examining medical reviewers, each opined that McGuire was limited to light level work, restricted from a full range by such non-exertional restrictions as a need for a sit/stand option, an inability to more than occasionally stoop and climb ramps or stairs, an inability to ever climb ladders, ropes or scaffolds, and a need to avoid exposure to vibrations.  The ALJ's findings were consistent with these opinions.  Dr. Thomas Johnson, a treating source at the Bluegrass Neurological Services, reported that a June, 2006 MRI scan of the plaintiff's lumbar spine revealed minimal disc degeneration at L5-S1, and minimal posterior annular bulging at L4-L5 and L5-S1.  (Tr. 331).  The study revealed no changes since a December, 2003 MRI scan. (Id.).  Dr. Johnson did not identify specific physical restrictions but did encourage the claimant to return to normal activities.  (Id.).  Thus, his treatment records do not suggest deterioration in McGuire's condition since his previous final decision in April of 2005.

09-158  Damon McGuire

Dr. Finley Hendrickson, a treating source, opined in August of 2005 that McGuire would be limited to light level work, restricted from a full range by an inability to sit for more than a total of two hours a day, stand for more than a total of one hour a day, walk for more than a total of one hour a day and would suffer "moderate" restriction with regard to unprotected heights, being around moving machinery, and driving automotive equipment.  (Tr. 298).  These limitations are more severe than those found by the ALJ.  The plaintiff asserts that the ALJ erred by failing to adopt Dr. Hendrickson's opinion.  The ALJ cited a number of reasons for rejecting Dr. Hendrickson's opinion as binding, including the plaintiff's admitting to driving regularly, doing household cleaning, mowing the lawn with a riding lawn mower, and assisting his wife with her work.  (Tr. 18).  The ALJ also cited the rather modest findings contained in Dr. Hendrickson's treatment notes which failed to suggest deterioration in the claimant's condition since the prior denial decision.  (Id.).  Dr. Hendrickson noted the June, 2006 lumbar MRI Scan which revealed no change since December, 2003.  (Tr. 324).  The physician obtained an MRI Scan of the thoracic spine which revealed no abnormality.  (Tr. 323).  The patient was reported to be doing "reasonably well" in October, 2006.  (Tr. 320).  Therefore, Dr. Hendrickson's report does not provide sufficient evidence to support a claim of deterioration in McGuire's condition since the prior denial decision and was properly rejected by the ALJ.

09-158  Damon McGuire

Dr. Shelby White, another treating source, completed a Physical Capacities Assessment Form upon which he restricted McGuire to less than a full range of sedentary level work.  (Tr. 297).  The ALJ rejected this opinion because he believed that the doctor's opinion was contradicted by his own medical records which revealed no motor or sensory deficits, negative straight leg raising, and symmetrical deep tendon reflexes.  (Tr. 18, 216-217).  This action would appear appropriate.  Therefore, the court finds that the ALJ dealt properly with the evidence of record relating to the plaintiff's physical condition.

The ALJ also dealt properly with the evidence of record regarding McGuire's mental condition.  Anxiety and depression were noted by Dr. Hendrickson (Tr. 249), but more severe mental restrictions than those found by the prior ALJ were not identified in the current record.  Therefore, this portion of the administrative decision is supported by substantial evidence.

McGuire asserts that the ALJ erred by failing to consider the combined effect of impairments.   The plaintiff has not indicated what impairments were not sufficiently considered.  The court has already found that the hypothetical factors given to Forrest fairly characterized the claimant's condition during the relevant time period.  Thus, the ALJ implicitly properly considered the combined effects of McGuire's impairments.

11

09-158  Damon McGuire

McGuire argues that the ALJ did not consider the effect of his pain on his ability to work.  However, the ALJ indicated a number of reasons why these claims were not fully credible.  The ALJ noted that the June, 2006 MRI Scan of the plaintiff's lumbar spine revealed only minimal dessication at L5-S1 and was otherwise normal.  (Tr. 16).  Dr. Johnson was reported to have noted no significant abnormalities and encouraged a return to normal activities.  (Id.).  The findings in Dr. Hendrickson's treatment notes did not support his restrictions.  (Id.).  Finally, the ALJ also felt that the claimant's reported activities were inconsistent with a claim of total disability.  (Tr. 17).  Therefore, the court finds that the ALJ did properly address this issue.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 24th day of March, 2010.



**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**